IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KEVIN O. GRUBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 115-055 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Kevin O. Grubbs appeals the decision of the Acting Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

Plaintiff is a thirty-four year old male with a high school equivalent education and past relevant work experience as a dishwasher, cook, and hand packager. Tr. ("R."), at 16, 22 38, 60-61. Plaintiff protectively applied for DIB and SSI on April 26, 2011, alleging a disability onset date of June 15, 2010. R. 10, 131-39, 140-46. The Social Security Administration denied

Plaintiff's application initially and on reconsideration. R. 90-91, 96-100. The ALJ held a hearing on January 9, 2013, and heard testimony from Plaintiff, who was represented by counsel, from Plaintiff's mother, and from Carol Crawford, a Vocational Expert ("VE"). R. 30-65. On December 2, 2013, the ALJ issued an unfavorable decision. R. 10-24.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since June 15, 2010, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant has the following severe impairments: cognitive disorder, not otherwise specified, generalized anxiety disorder, seizure disorder, hearing loss and speech impediment (20 C.F.R. § 404.1520(c) and 416.920(c)). The claimant also has the following non-severe impairments: obesity and back pain (20 CFR § 404.1521 and 416.921).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). In particular, the claimant can lift or carry up to 20 pounds occasionally and 10 pounds frequently. He can stand or walk for approximately 6 hours of an 8-hour workday and sit for approximately 6 hours of an 8-hour workday with normal breaks. However, the claimant is limited to frequent balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs and no climbing of ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to noise and must avoid all exposure to hazards. The claimant can only hear with the left ear and speech would be difficult to understand. He should not be placed in a work environment that requires immediate acknowledgment and response to verbal instructions. He is limited to simple tasks, no detailed or complex tasks, and is limited to minimal contact with the public, no counter work and no sales.

5. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the

> national economy that the claimant can perform (20 C.F.R. § 404.1569, 404.1569(a) 416.969 and 416.969(a)).

R. at 10-24.

When the Appeals Council denied Plaintiff's request for review, R. at 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ incorrectly found that Plaintiff did not meet Listing 12.05C and (2) the ALJ's hypothetical did not articulate a complete hypothetical to the VE delineating the extent of Plaintiff's deafness and speech impairments. (See doc. no. 9 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See doc. no. 10 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to

determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

    **A. The ALJ Committed Legal Error in Failing to Apply the Presumption of Deficits in Adaptive Functioning from Hodges v. Barnhart, 276 F.3d 1265, 1268–69 (11th Cir.2001).**

4

At step three of the sequential evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments severe enough to prevent a person from performing any gainful activity. Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993). Plaintiff bears the burden of showing that his condition meets or equals a Listing. Castle v. Colvin, 557 F. App'x 849, 852 (11th Cir. 2014); Wilkinson *ex rel.* Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In order to show that his impairment meets a Listing, Plaintiff needs to satisfy all of the specified medical criteria; "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (citation omitted). It is axiomatic that when a claimant's condition meets or equals a Listing, the Commissioner must find the claimant disabled without regard to the claimant's age, education, or previous work experience. 20 C.F.R. § 416.920(d).

"Intellectual disability," as defined by Listing 12.05, "refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. To qualify as intellectually disabled, a claimant's condition must satisfy this general diagnostic definition and also satisfy one of four criteria specified in subparts A through D of the Listing. Id. §12.00A; see also Perkins v. Comm'r, Soc. Sec. Admin., 553 F. App'x 870, 872 (11th Cir. 2014); Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997). Thus, "a claimant must demonstrate both

5

subaverage intellectual functioning and deficits in adaptive functioning, as well as satisfying one of the additional criteria, to prove entitlement to disability benefits under Listing 12.05." Jordan v. Comm'r of Soc. Sec. Admin., 470 F. App'x 766, 768 (11th Cir. 2012). The regulations give several examples of adaptive activities, including: "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.00C(1).

Listing 12.05(C) states: "The required level of severity for this disorder is met when . . . [there is] a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Id. § 12.05(C). Thus, in order to meet Listing 12.05C, there must be a showing of (1) deficits in adaptive functioning; (2) a qualifying IQ score; (3) onset before age 22 ; and (4) another significant work-related limitation of function . See Perkins., 553 F. App'x at 873 (citing 20 C.F.R. pt. 404, subpt. P, app. 1, 12.05 and Hodges v. Barnhart, 276 F.3d 1265, 1268–69 (11th Cir.2001)). Showing a significant work-related limitation requires "evidence of an additional mental or physical impairment that has more than 'minimal effect' on the claimant's ability to perform basic work activities." Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992).

Plaintiff argues the ALJ erred in finding that Plaintiff did not meet Listing 12.05(C) because the ALJ failed to apply the rule that if a claimant has a qualifying IQ score between sixty and severity, there is a presumption the claimant manifested deficits in adaptive functioning prior to age 22. Pl.'s Br., pp. 7-12. Here, the ALJ's found Plaintiff did not meet 12.05C was that "the claimant has never been diagnosed with an intellectual disability, and adaptive deficits prior to the age of 22, as required to meet this Listing . . . ." R. at 14. Thus, Plaintiff is

6

correct that ALJ failed to apply the presumption from Hodges that a qualifying IQ score establishes deficits in adaptive functioning prior to age 22. See Grant v. Astrue, 255 F. App'x 374, 375 (11th Cir. 2007) ("In Hodges, we held that there is a rebuttable presumption that a claimant manifested deficits in adaptive functioning before the age of 22 if the claimant established a valid IQ score between 60-70."). The Eleventh Circuit has held that the proper method of rebutting this presumption is through evidence of the claimant's daily life. See Hodges, 276 F. 3d at 1268-1269. The ALJ's finding here is solely based on a lack of diagnosis or documented school records. R. at 14. Thus, the ALJ applied the wrong legal standard and failed to rebut the presumption of deficits in adaptive functioning.

The Commissioner urges the Court to find that Plaintiff did not have the necessary deficits in adaptive functioning to meet Listing 12.05C. See Comm'r's Br., pp. 7-11. However, the Court cannot rewrite the ALJ's opinion or speculate as to what the ALJ might have found. The Commissioner maintains that the requisite finding was made when the ALJ stated that "the claimant has never been diagnosed with an intellectual disability and does not have deficits in adaptive functioning that would support him meeting a Listing." R. at 19. However, this statement is found in the RFC section of the ALJ's opinion, there is no mention of the Hodges presumption, and this finding as to Listing 12.05C clearly rests on a lack of diagnosis or evidence before age 22. R. at 14. Furthermore, the evidence as to Plaintiff's adaptive functioning is not a clear as the Commissioner proposes. Plaintiff dropped out of school after ninth grade and was laid off from his last job as a packager. R. at 37-38, 45-46. Regardless, the Court cannot making a legal finding crucial to the ALJ's decision.

7

In sum, the ALJ's failure to apply the rebuttable presumption from Hodges was fatal legal error and thus, the decision is not supported by substantial evidence.

**IV. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion. In light of its determination that the Commissioner's decision should be remanded based on the AL's failure to apply the Hodges presumption, the Court need not reach Plaintiff's contention regarding the VE hypothetical. Of course, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluating process and in compliance with the applicable regulations and case law in all respects.

SO REPORTED and RECOMMENDED this 8th day of August, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA